JOURNAL ENTRY AND OPINION
 I. {¶ 1} In this appeal, we are asked to decide whether the trial court erred by entering a discovery sanction that prevented defendant-appellant Westfield Insurance Company from entering into evidence a rejection form ("form" or "rejection form") that would have limited the amount of uninsured/underinsured ("UM/UIM") motorist coverage available to plaintiff-appellee Robert A. Molchan, Jr. For the reasons set forth below, we hold that the trial court did abuse its discretion in striking the rejection form as a discovery sanction. We therefore reverse and remand.
 II. A. {¶ 2} On June 28, 1999, Molchan was struck by a car driven by Robert Williams. At the time of the injury, Molchan was employed by Spoth, Inc., d/b/a Lakeland Temporary Agency ("Spoth" or "Lakeland"), which carried a general automobile insurance policy issued by Westfield. Molchan filed suit against the alleged tortfeasors. Relevant here, Molchan also sued Westfield, pursuant to Scott-Pontzer v. Liberty Mut.Fire Ins. Co. (1999), 85 Ohio St.3d 660, seeking UM/UIM coverage.
 B. {¶ 3} Spoth and Westfield originally entered into an automobile insurance contract for $500,000 of general automobile coverage and $500,000 of UM/UIM coverage. On April 15, 1999, the general automobile coverage was increased to $2,000,000. At that time, Westfield did not offer UM/UIM coverage in an amount equal to the general automobile coverage amount, nor did Spoth validly reject such increased coverage. Without such offer and rejection, UM/UIM coverage equal to the amount of the general automobile policy is applied as a matter of law, pursuant to R.C. 3937.18. Therefore, as of April 15, 1999, Spoth carried $2,000,000 worth of UM/UIM coverage. At issue is the amount of such coverage as of the day of the accident.
 {¶ 4} In its motion for summary judgment filed May 7, 2002, Westfield attached a rejection form, signed June 11, 1999 by Spoth's president, that limited the UM/UIM coverage of the policy to $500,000. Molchan objected to its use since the court-ordered discovery deadline, January 3, 2002, had passed. Westfield supported the introduction of the form, arguing that the amount of UM/UIM coverage had not, until April 2002, been an issue. Westfield asserts that, after it had tendered $500,000 to Molchan, Molchan for the first time raised the issue of whether Westfield had a valid rejection form that limited the UM/UIM coverage to $500,000. It was in response to this question, Westfield asserts, that it conducted a "diligent, exhaustive" search, through which it found the rejection form.
 C. {¶ 5} The trial court entered judgment on July 17, 2002. Relevant here, the trial court ordered, pursuant to Civ.R. 37(B)(2)(b), that the rejection form would not be admitted as part of Westfield's motion for summary judgment because Westfield had missed the discovery deadline. This order resolved the question of Spoth's UM/UIM coverage limits, which the court found to be equal to the limits of the general insurance policy; i.e., $2,000,000.
 III. A. {¶ 6} Westfield argues generally that the trial court erred by ordering this discovery sanction. We review the court's sanction under an abuse of discretion standard. Therefore, we will reverse the lower court's sanction if we find that the court abused its discretion in ordering the sanction. Nakoff v. Fairview Gen. Hosp. (1996),75 Ohio St.3d 254. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, quoting State v. Adams (1980),62 Ohio St.2d 151, 157.
 B. {¶ 7} Westfield argues that the trial court erred by not allowing Westfield to introduce the rejection form because there was no discovery order compelling Westfield to produce the form. Westfield further argues that Molchan "never requested such an order for Westfield to produce any additional discovery responses other than those originally provided [Molchan]." Finally, in its reply brief, Westfield argues that, pursuant to Civ.R. 37(A), the trial court never entered a discovery order in response to a party's motion to compel.
 {¶ 8} First, there was an order requiring Westfield to provide discovery responses. On December 20, 2001, the trial court ordered Westfield to respond to Molchan's discovery responses by January 3, 2002. As of that deadline, Westfield had not produced the rejection form at issue here.
 {¶ 9} Further, Westfield's claim that Molchan never requested "additional discovery responses" is unpersuasive considering Molchan's original discovery responses. Molchan originally asked for "a verified copy of the policy of insurance and attachments, endorsements, and amendments[,]" and for "any and all * * * documents * * * which you intend to introduce or admit into evidence[.]" The rejection form clearly falls within the original requests and Molchan did not need to make additional requests to discover it.
 {¶ 10} Finally, Westfield is correct that Civ.R. 37(A) contemplates discovery orders that are entered in response to a party's motion to compel. The trial court, however, sanctioned Westfield pursuant to Civ.R. 37(B), which allows for sanctions if "any party * * * fails to obey an order to provide * * * discovery, including any order made undersubdivision (A) of this rule[.]" (Emphasis added.) Therefore, under Civ.R. 37(B)(2)(b), a trial court may enter an order "prohibiting [the disobedient party] from introducing designated matters in evidence[,]" whether or not the discovery order is made in response to a party's motion to compel.
 {¶ 11} In fact, the January 3, 2002 deadline was made in response to Westfield's request for an enlargement of time within which to respond to Molchan's discovery requests. The trial court was well within its right to impose a discovery sanction.
 {¶ 12} We hold, however, that the court abused its discretion in imposing a potentially $1,500,000 sanction (i.e., the difference between the $2,000,000 and the $500,000 coverage limits).[1] Such a sanction is unwarranted and we find it to be unreasonable, arbitrary and unconscionable. Blakemore.
 {¶ 13} Finally, Westfield argues that the discovery sanction is ultimately irrelevant since the form is invalid under Linko v. IndemnityIns. Co. of N. America (2000), 90 Ohio St.3d 445. This court, however, cannot consider the form since it was not considered by the court below. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." State v. Ishmail (1978),54 Ohio St.2d 402, paragraph one of the syllabus. Therefore, we decline to decide whether the rejection form is valid.
 V. {¶ 14} We therefore reverse and remand the trial court's sanction.
ANNE L. KILBANE, J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] The final amount of coverage due Molchan is yet to be determined. In the July 17, 2002 judgment entry, the trial court noted that "the only remaining issues in the case are the liability of the tortfeasors herein and the extent of [Molchan's] damages for which he can claim UM coverage."